BARNARD FLOOD, Respondent, *v.* THE BROOKLYN ELEVATED RAILROAD COMPANY and Another, Appellants.

*Elevated railroad — action to recover past damages — instruction to the jury as to its effect on fee damages — evidence as to noise.*

In an action brought to recover past damages to real estate, resulting from the construction and operation of an elevated railroad, it is not error for the trial court to refuse to instruct the jury to consider the effect of their verdict on the question of fee damages, then pending in condemnation proceedings, nor is it error to admit evidence as to noise, although such evidence is not admissible in an action to recover fee damages.

APPEAL by the defendants, The Brooklyn Elevated Railroad Company and The Union Elevated Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of April, 1893, upon the verdict of a jury for $300, after a trial at the Kings County Circuit, and also from an order entered in said clerk's

office on the 12th day of May, 1893, denying the defendants' motion for a new trial.

This action was brought to recover past damages alleged to have been sustained by certain real estate by reason of the construction and operation of the defendants' elevated railroad.

*Wm. N. Cohen* and *Homer R. Scoville,* for the appellants.

*Stephen M. Hoye* and *Francis Russell Whitney,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes of the court.

The action is for the recovery of damages resulting from the maintenance and operation of the railroad of the defendant through Hudson avenue in the city of Brooklyn.

The property of the plaintiff is situated on Hudson avenue, and the basis of the action is the damage to his property caused by the construction and operation of the railroad. The verdict was in favor of the plaintiff for $300.

The claim of the appellants is that the charge was erroneous, the verdict is excessive, improper testimony was admitted, and that the complaint should have been dismissed.

Our examination of the record fails to support either of these contentions. There is ample evidence to require the submission of the case to the jury, and for the support of the verdict.

The exception to the failure to charge the requests of the defendants and to the admissions of testimony present no error, and the judgment and order denying the motion for a new trial should be affirmed, with costs.

CULLEN and PRATT, JJ., concurred.

CULLEN, J.:

This is an appeal from a judgment for the plaintiff entered on the verdict of the jury. The action was for damages to plaintiff's property resulting from the construction and operation of defendants' railroad.

The rule of damages was correctly charged by the court, and to the charge no exception in this respect was taken. There was the usual conflict of testimony which is found in this class of cases. It would not be profitable to discuss the evidence at length. We think it was sufficient to sustain the verdict, and the judgment must stand unless error was committed on the trial.

Two alleged errors are claimed. The court refused to instruct the jury to consider the effect of their verdict on the question of fee damages then pending in condemnation proceedings. If it could, the jury were to render a verdict in the matters submitted to them on the evidence presented, regardless of consequences. Another error claimed is the admission of certain evidence which, it is contended, affected only the fee value. We think that the evidence also affected the usable or rental value. It is also urged that the court erred in admitting evidence as to noise. This was admissible in an action of this character, though not in one for fee damages. (*Kane* v. *N. Y. Elevated R. R. Co.*, 125 N. Y. 164.)

The judgment and order denying new trial should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment and order denying motion for new trial affirmed, with costs.